IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                        ORDER

      v.                             04-cr-33-bbc-01

KEITH D. McDANIEL,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Keith D. McDaniel's supervised release was held in this case on July 30, 2008, before United States District Judge Barbara B. Crabb.  The government appeared by Assistant United States Attorney David J. Reinhart.  Defendant was present in person and by counsel, Michael Lieberman.  Also present was Senior United States Probation Officer William T. Badger, Jr.

From the record and defendant's stipulation I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on July 7, 2004, following his conviction for counterfeiting federal reserve notes, in violation of 18 U.S.C. § 471.  The offense is a Class C felony.  He was sentenced to 24 months' imprisonment and three years' supervised release.

Defendant began his supervised release on October 31, 2005.  In February 2008, he

violated Special Condition No. 3, which required him to abstain from the use of alcohol and illegal drugs and from association with drug users and sellers, and he violated the mandatory condition of supervised release that prohibited him from committing another federal, state or local crime. On May 22, 2008, defendant was convicted of two counts of being party to a crime, the manufacture and delivery of cocaine, in the Circuit Court for Rock County, Wisconsin, in case no. 2008CF000462.

Defendant's conduct falls into the category of Grade A violations. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon a finding of a Grade A violation.

CONCLUSIONS

Defendant's violations include new criminal conduct involving a controlled substance offense and warrant revocation. Accordingly, the three-year term of supervised release imposed on defendant on July 7, 2004, will be revoked. Defendant's criminal history category is III. With a Grade A violation and a criminal history category of III, defendant has an advisory guideline term of imprisonment of 18 to 24 months. The statutory maximum sentence that could be imposed is two years, given defendant's original conviction for a Class C felony.

After reviewing the non-binding policy statements in Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence is to hold defendant accountable for his violations, while allowing him the opportunity to

remain employed through Wisconsin's Huber work release program.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on July 7, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of five months, with the term to run concurrently with his sentence in the Circuit Court for Rock County, Wisconsin, in case no. 2008CF000462, and dating back to February 9, 2008, resulting in a sentence of time served. No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 30th day of July, 2008.

BY THE COURT:

/s/
BARBARA B. CRABB
Chief District Judge